**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2608-22

U.S. BANK NATIONAL
ASSOCIATION, as Indenture
Trustees, for the holders of
the CIM TRUST 2017-7,
MORTGAGE-BACKED
NOTES, SERIES 2017-7,

     Plaintiff-Respondent,

v.

ERIC C. WALKER,

     Defendant-Appellant,

and

MRS. ERIC C. WALKER, his
wife, and MARIA A. DAVIS,

     Defendants.

_____

Submitted May 1, 2024 – Decided July 30, 2024

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-009966-20.

Eric C. Walker, appellant pro se.

Eckert Seamans Cherin & Mellott, LLC, attorneys for respondent (Morgan R. McCord, on the brief).

PER CURIAM

In this foreclosure action, defendant Eric C. Walker appeals from the April 29, 2022 order granting plaintiff summary judgment and the July 22, 2022 order denying reconsideration. We affirm.

In 2007, defendant and his wife Maria A. Davis executed a note and mortgage for $196,500 with lender National Bank of Kansas City and its nominee Mortgage Electronic Registration Systems, Inc. (MERS). The mortgage was secured by a residential property.

The mortgage was assigned to new entities in 2010 and 2014 and modified in 2015. Thereafter, the mortgage was assigned to three lenders and in 2020 it was assigned to plaintiff. Each assignment was recorded with the Burlington County Clerk.

On October 28, 2020, plaintiff sent defendant and Davis separate Notices of Intention to Foreclose (NOI) on the residential property for failure to make payments on the note and mortgage. Each NOI was "[s]ent via [USPS] certified

mail" and addressed to "2 Touraine Court, Willingboro, NJ 08046," the address of the mortgaged residential property. The NOI stated that plaintiff previously sent defendant and Davis letters regarding the default and explained their rights to cure the default, that plaintiff had assigned the servicing of the mortgage to Select Portfolio Servicing, Inc., and the amount required to cure the default.

On December 17, 2020, plaintiff filed a complaint in foreclosure, alleging defendant and Davis had defaulted on their payments on August 1, 2019, and seeking the unpaid principal sum due as well as a judgment for possession of the premises.

In March 2021, Davis filed a Chapter 7 bankruptcy petition and plaintiff filed a request for entry of default judgment against defendant and Davis. Default was entered but the case was stayed pending the bankruptcy proceedings.

The next month, defendant attempted to file an answer denying the allegations and asserting twenty-six affirmative defenses, including lack of standing and failure to comply with Rule 4:64-1(b)(13), specifically that plaintiff did not plead it complied with the requirements of the Fair Foreclosure Act (Act), N.J.S.A. 2A:50-53 to -68, or the mortgage. The answer was rejected for filing because of the default entered against him.

3

Thereafter, defendant moved to vacate the default judgment and file his answer. Plaintiff filed a certification of bankruptcy, advising that relief from the automatic bankruptcy stay had not yet been granted, which prevented the foreclosure action from proceeding. The trial court denied the motion.

Shortly thereafter, the Bankruptcy Court vacated the stay and permitted the foreclosure matter to proceed. Plaintiff moved to vacate the entry of default judgment against defendant and Davis, and to reinstate default. Defendant moved to vacate the default order and leave to file his answer with the Office of Foreclosure.

On October 8, 2021, the trial court granted plaintiff's motion to vacate default judgment against defendant and Davis, and to enter default judgment against Davis; however, the court denied the motion to enter default against defendant and granted defendant's motion for leave to file an answer. The court found that reinstating default against defendant would be "inequitable" because he had attempted to submit his answer.

On March 21, 2022, plaintiff moved for summary judgment, supported by a certification from its servicing company's Document Control Officer, detailing the sequence of assignments of the note and mortgage. Defendant responded by

4

sending the court a letter requesting the court deny the motion because plaintiff had not provided requested discovery.

Plaintiff informed the court it did not receive defendant's discovery demands, nevertheless, it sent defendant the documents he was entitled to, such as the note, mortgage, and assignments of the mortgage. Plaintiff also served answers to defendant's interrogatories, demands for production of documents, and requests for admissions.

On April 29, 2022, the court granted plaintiff's motion for summary judgment, reinstating default against defendant, striking defendant's answer, and transferring the matter to the Office of Foreclosure. The trial court found that because defendant did not submit an affidavit responding to plaintiff's motion or its statement of material facts, those facts were therefore admitted under Rule 4:46-2(b).

The court further found that plaintiff had standing because it provided evidence of possession of the original note. In addition, the court found that many of defendant's twenty-six affirmative defenses were not supported by factual references and were, therefore, insufficient, and that his allegations were unsupported by "competent evidence or certifications establishing the validity of such assertions."

5                                                      A-2608-22

Thereafter, defendant moved to vacate the summary judgment order and to dismiss plaintiff's complaint. In his supporting statement of facts, defendant asserted plaintiff did not prove it mailed a notice to defendant prior to acceleration, that plaintiff admitted it "did not use the . . . USPS return[]receipt service as required by the . . . Act," that plaintiff lacked standing because it was not sold, assigned, endorsed, or delivered defendant's note and mortgage, and plaintiff did not send defendant the "Notice of Assignment, Sale, or Transfer of Ownership of Mortgage Loan" as required under the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1667f. Defendant presented a certification in which he asserted he did not receive a NOI.

In opposing the motion, plaintiff provided the court with the tracking information for the October 28, 2020 NOI. The tracking document indicated the NOI arrived in Willingboro and was out for delivery on November 2, 2020. The tracking notes then state, "Forward Expired," and a November 6 note states, "Moved, Left no Address." Plaintiff's attorney certified that the NOI was returned to the servicing company.

On July 22, 2022, the trial court denied defendant's motion, characterizing it as a motion to reconsider since final judgment had not yet been entered. The court found that plaintiff provided proof that it mailed the NOI to defendant by

6

certified mail and that return receipt was requested, satisfying the requirements under the Act.

In addition, the court found plaintiff established it had standing because it certified that it obtained possession of the original note prior to the filing of its complaint. The court stated, "Defendant's assertions that a predecessor in interest to plaintiff was the holder of the note and mortgage is not borne out by the record as properly established by plaintiff."[1]

Plaintiff filed a motion for entry of final judgment of $277,573.29. Defendant moved to object to the amount due stating he was entitled to $12,000 in statutory damages under the TILA.

On April 14, 2023, the court denied defendant's objection to the amount due. The court found "[d]efendant did not bring an[] affirmative claim or timely counterclaim" asserting a violation of TILA, and that defendant's affirmative defenses were stricken on April 29, 2022. Therefore, defendant had not demonstrated an entitlement to statutory damages.

On April 24, 2023, the trial court entered final judgment for plaintiff of $277,573.29 plus interest and costs, including counsel fees.

---

[1] On appeal, defendant does not dispute the trial court's finding that plaintiff had standing to bring the complaint.

A-2608-22

On appeal, defendant challenges the April 29, 2022 order granting plaintiff summary judgment and the July 22, 2022 order denying reconsideration.

We begin with a consideration of the summary judgment order. Defendant contends plaintiff did not provide proof it gave defendant the required notice under the Act prior to accelerating or commencing the foreclosure action. Defendant asserts plaintiff did not submit an image of the postage-paid envelope or certified mail receipts, and that the servicing company did not certify it used the USPS return receipt requested service. Defendant further contends the trial court did not make factual findings regarding the mailing and receipt of the NOI.

Our review of a trial court's determination to grant or deny a motion for summary judgment is de novo. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

"If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Reporting & Litig.

Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting

Massachi ex rel. Est. of Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494

(App. Div. 2007)).  We accord no deference to the trial judge's conclusions on

issues of law.  Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

N.J.S.A. 2A:50-56 governs the service of a NOI under the Act.  It

provides:

> (a) Upon failure to perform any obligation of a residential mortgage by the residential mortgage debtor and before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation and commence any foreclosure or other legal action to take possession of the residential property which is the subject of the mortgage, the residential mortgage lender shall give a notice of intention, which shall include a notice of the right to cure the default as provided in section 5 of P.L.1995, c.244 (C.2A:50-57), at least 30 days, but not more than 180 days, in advance of such action as provided in this section, to the residential mortgage debtor . . . .
>
> (b) Notice of intention to take action as specified in subsection a. of this section shall be in writing, . . . sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage.  The notice is deemed to have been effectuated on the date the notice is delivered in person or mailed to the party.
>
>        . . . .
>
> (e) The duty of the lender under this section to serve notice of intention to foreclose is independent of any

other duty to give notice under the common law, principles of equity, State or federal statute, or rule of court and of any other right or remedy the debtor may have as a result of the failure to give such notice.

. . . .

(g) If more than 180 days have elapsed since the date the notice required pursuant to this section is sent, and any foreclosure or other legal action to take possession of the residential property which is the subject of the mortgage has not yet been commenced, the lender shall send a new written notice at least 30 days, but not more than 180 days, in advance of that action.

In the statement of facts accompanying the summary judgment motion, plaintiff stated it sent defendant a NOI "on October 28, 2020, in accordance with N.J.S.A. 2A:50-56." Plaintiff attached copies of the NOIs sent to defendant and Davis, which each indicate they were sent by USPS certified mail to 2 Touraine Court, Willingboro, New Jersey 08046. The motion and the supporting documents did not specify whether the "return receipt requested" option had been purchased.

As stated, defendant responded by sending a letter requesting the court not consider the motion because plaintiff had not answered his discovery requests. Defendant did not submit a statement of facts.

The trial court granted plaintiff summary judgment, finding that defendant did not submit a statement of facts in response to plaintiff's motion, or "indicate

what he expect[ed] to be revealed in discovery that would provide any defense to this action." The court found plaintiff had "provided a certification detailing the execution and delivery of the note and mortgage and the default thereunder, a copy of the note and a copy of the mortgage in support of the motion."

Our Supreme Court has emphasized that "[t]he [NOI] is a central component of the [Act], serving the important legislative objective of providing timely and clear notice to homeowners that immediate action is necessary to forestall foreclosure." US Bank Nat'l Ass'n v. Guillaume 209 N.J. 449, 470 (2012). Therefore, we must carefully scrutinize the proofs submitted in support of summary judgment.

In crafting N.J.S.A. 2A:50-56(b), the Legislature included the language "return receipt requested." We must assume that the Legislature did so carefully, opting to impose a requirement that goes beyond the rule of general application in civil cases that permits service by regular mail, and that creates a presumption that a notice was received if it was mailed to the correct address. See Szczesny v. Vasquez, 71 N.J. Super. 347, 354 (App. Div. 1962).

Whether the addressee signed the receipt is not determinative. In fact, we have stated that a mortgagor's failure to retrieve a NOI from the post office "will not defeat statutory compliance." EMC Mortg. Corp. v. Chaudhri, 400 N.J.

11

Super. 126, 140 (App. Div. 2008). "We will not sanction a mortgagor's deliberate attempt to frustrate the mortgagee's efforts by ignoring the properly sent notice of intent." Ibid.

Here, because defendant did not oppose plaintiff's motion with a responding statement of material facts, the facts set forth in plaintiff's submission were deemed admitted under Rule 4:46-2(b). This included plaintiff's assertion that it complied with the NOI requirements of service under the Act. The court did not err in granting summary judgment.

We turn to defendant's contentions regarding the denial of the subsequent motion for reconsideration. He asserts the court erred in denying the motion because the tracking information submitted by plaintiff indicates defendant did not receive the NOI because it was returned to the servicing company.

"[A] trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Sadeeshkumar v. Venugopal, 478 N.J. Super. 25, 40 (App. Div. 2024) (alteration in original) (quoting Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015)).

In response to defendant's motion, plaintiff provided the tracking information for the October 28 NOI. The document indicated that plaintiff used

12

first class mail and purchased "extra services" of certified mail and "[r]eturn [r]eceipt [e]lectronic." The court found the use of certified mail and return receipt requested demonstrated plaintiff's compliance with the NOI service requirements under the Act.

As we discussed above, the Act does not require proof of receipt; instead, proof that the financial institution requested a return receipt of the NOI is sufficient to meet the statutory requirements. Under the plain language of N.J.S.A. 2A:50-56(b), notice is "effectuated on the date the notice is delivered in person or mailed to the party." The statute does not require proof of delivery.

Moreover, plaintiff used the only address known to it—the address of the mortgaged property which was the subject of the foreclosure action—as required under N.J.S.A. 2A:50-56(b). We note that defendant has used the mortgaged property address—2 Touraine Court, Willingboro, New Jersey—on all of his papers submitted in the trial court as well as to this court.[2] A mortgagor cannot defeat service by rejecting the delivery of mail to the proper address. See EMC Mortg. Corp, 400 N.J. Super. at 140.

---

[2] Defendant stated in his appellate brief that he "never moved from [the] subject property, his residence."

We discern no error in the order denying reconsideration. The additional information submitted by plaintiff supports the court's conclusion that plaintiff complied with the requirements of the Act and properly served defendant with the NOI.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14